UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X For Online Publication Only
MICHAEL TORRES,

                      Plaintiff,

          -against-                              **ORDER**
                                                       15-CV-7097 (JMA) (AYS)

NICHOLAS LALOTA, individually and in his
official capacity as Commissioner of the Suffolk
County Board of Elections, and the SUFFOLK
COUNTY BOARD OF ELECTIONS,

                      Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court are objections submitted by defendants to Magistrate Judge Shields's

August 14, 2017 Report and Recommendation ("R&R"). The R&R recommended that the Court

deny in part and grant in part defendants' motions to dismiss. Having conducted a review of the

full record and the applicable law, for the following reasons, the Court adopts the R&R in its

entirety.

      In reviewing a magistrate judge's report and recommendation, the court must "make a <u>de

novo</u> determination of those portions of the report or . . . recommendations to which

objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579,

2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are

reviewed for clear error. See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

After considering all of defendants' objections <u>de novo</u>,[1] the Court adopts the R&R in its

entirety, and grants in part and denies in part defendants' motions to dismiss the complaint.

**SO ORDERED.**

Dated:  September 30, 2016
Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1]  Defendants have not specifically objected to the R&R's recommendation concerning the denial of qualified immunity.  The Court notes that the only assertion of qualified immunity raised in the briefing for the motions to dismiss is contained in the brief submitted by the Suffolk County Attorney that was filed on behalf of defendant LaLota in his official capacity.  It is well-established that "the defense of qualified immunity is . . . unavailable to [an] individual sued in his official capacity."  <u>Soto v. Gaudett</u>, 862 F.3d 148, 163 (2d Cir. 2017).